**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

BRIT INSURANCE a/s/o THE CHEF'S
WAREHOUSE                                                          Case No:

     Plaintiff

against

FOURNIER TRUCKING, INC.

     Defendant.
_____/

**COMPLAINT**

    Plaintiff, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

**JURISDICTION and VENUE**

    1.    This is a claim for cargo damage and/or loss to a shipment transported by road in interstate commerce. The Court has jurisdiction pursuant to 49 U.S.C. § 14706 (the Carmack Amendment) against defendant inasmuch as defendant was, at all relevant times, acting as an interstate motor carrier in relation to the subject goods. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

    2.    This Court also has jurisdiction pursuant to 28 U.S.C § 1337 as this matter involves interstate commerce and the matter in controversy exceeds $10,000, exclusive of interest and costs.

    3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that defendant resides in this District and a substantial, if not all, of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. At all material times, Brit Insurance (hereinafter "Brit" or "Plaintiff") was and is a corporation with an office and place of business located 122 Leadenhall Street, London EC3V 4AB, England, and is the subrogated underwriter of The Chef's Warehouse (hereinafter "Chef's Warehouse") with an office and place of business located at 1250 Wipple Road, Union City, California 94587, the owner of a consignment of 1,002 Cases Frozen Food, as more specifically described below.

5. At all material times, defendant, Fournier Trucking, Inc. (hereinafter "Fournier" or "Defendant") was and is a limited liability company organized and existing by virtue of the laws of New Jersey with an office and place of business located at 450 Murray Hill Pkwy, East Rutherford, New Jersey 07073, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods by road.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. On or about July 2, 2018 Chef's Warehouse and Fournier entered into a Carrier Agreement wherein Fournier agreed to act as a carrier in transporting cargo owned by or consigned to Chef's Warehouse.

8. In November 2021, certain frozen food products stored at Seafrigo Warehouse in Elizabeth, New Jersey were designated for delivery and sale to Chef's Warehouse.

9. In November 2021 Boiron Americas Inc. agreed to sell 884 cases frozen food ("Boiron Cargo") to Chef's Warehouse that were being stored at Seafrigo Warehouse in Elizabeth, New Jersey.

10. In November 2021 Les Delices des 7 Vallees agreed to sell 118 cases frozen food ("Les Delices Cargo") to Chef's Warehouse that were being stored at Seafrigo Warehouse.

11. In November 2021 Chef's Warehouse designated Fournier to act as trucker to deliver the aforementioned frozen food products to its warehouse in Union City, California.

12. On or about November 23, 2021, Chef's Warehouse issued a Carrier Pick Up Notification to Fournier informing that the Boiron Cargo was ready for pick up at Seafrigo's Elizabeth, New Jersey warehouse and that it was to be delivered to Chef's Warehouse in Union City, California. The Pick Up Notification informed Fournier that the cargo was frozen foods and it was to be maintained "frozen".

13. On or about November 23, 2021, Chef's Warehouse issued a Carrier Pick Up Notification to Fournier informing that the Les Delices Cargo was ready for pick up at Seafrigo's Elizabeth, New Jersey warehouse and that it was to be delivered to Chef's Warehouse in Union City, California. The Pick Up Notification informed Fournier that the cargo was frozen foods and that it was to be maintained "frozen".

14. Seafrigo issued Master bills of lading dated November 23, 2021 identifying Fournier as the carrier for the Boiron Cargo and for the Les Delices Cargo, with a pick up location at Seafrigo's warehouse in Elizabeth, New Jersey and delivery to Chef's Warehouse in Union City, California. The bill of lading identified the various goods as frozen foods and that the truck was to maintain a temperature of -10°F. The bill of lading was executed by Fournier's driver when the cargo was picked up.

15. When the aforementioned cargoes were delivered to Chef's Warehouse on or about December 3, 2021 it was it a damaged condition due to temperature abuse that occurred during the transit. Notwithstanding the instructions provided to Fournier, Fournier failed to maintain proper temperatures during the transit.

16. The cargo was determined to be unfit for human consumption and was destroyed on February 4, 2022.

17. The purchase price of the cargo was $43,351.81. Freight charges were $5,264.84. Destruction costs were in the amount of $1,554.09. Chef's Warehouse sustained a loss in the amount of $50,170.74.

18. The loss of the subject shipment was not the result of any act or omission to act on the part of Plaintiff or its insured, but, to the contrary, was due solely to the breach of the contract of carriage by defendant Fournier.

19. At all times relevant hereto, a contract of insurance for property damage was in effect between Brit and Chef's Warehouse, which provided coverage for, among other things, loss or damage to the aforementioned Cargo.

20. Pursuant to the aforementioned contract of insurance between Chef's Warehouse and Brit, monies have been expended on behalf of Chef's Warehouse to the detriment of Brit due to the damages sustained.

21. As Brit has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Brit has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

22. Chef's Warehouse has assigned its deductible claim to Brit.

23. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $50,170.74.

**AS AND FOR A FIRST CAUSE OF ACTION – CARMACK AMENDMENT CLAIM**

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 24, inclusive, as if herein set forth at length.

25. As an interstate carrier transporting the subject goods, Fournier owed Brit's subrogor the highest degree of care in relation to the goods.

26. At all times relevant herein there was in effect 49 U.S.C. § 14706 (the Carmack Amendment) which provides in pertinent part as follows:

(a) General Liability –

(1) Motor Carriers and freight forwarders – A carrier providing transportation or service subject to jurisdiction under subpart I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property re-consigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

27.     Fournier was the initiating carrier, the delivering carrier and the carrier on whose line the loss of the subject shipment occurred pursuant to 49 U.S.C. § 14706(a).

28.     The temperature abuse and physical damage to the cargo occurred while Fournier was transporting the subject goods and/or while the subject goods were in the care, custody and control of Fournier as the initiating carrier, delivering carrier and/or the carrier on whose line the loss or damage occurred.

29.     Because Fournier failed to deliver the subject goods to the consignee in the same good order and condition as when Fournier received the subject goods, Fournier is liable to Brit pursuant to the Carmack Amendment.

30.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $50,170.74.

31.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $50,170.74 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 2, 2023
      600-03

                            **CASEY & BARNETT, LLC**
                            Attorneys for Plaintiff

By: *Martin Casey*
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225

## **CERTIFICATION OF SERVICE**

Martin F. Casey, an attorney at law duly admitted to this Honorable Court hereby certifies that a true copy of the aforesaid Amended Complaint was mailed to DNS Transport LLC, 735 Carlene Drive, Bridgewater, New Jersey 08807 on the 15th day of December, 2021 by depositing same with the United States Postal Service.

                                                                            _____
                                                                                Martin F. Casey